**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/

FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JUL 0 3 2014

Madsen, CJ
CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on July 3, 2014

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| EXPEDIA, INC., a Washington corporation; EXPEDIA, INC., a Delaware corporation; HOTELS.COM, L.P., a Texas limited liability partnership; HOTELS.COM, GP, LLC, a Texas limited liability company; HOTWIRE, INC., a Delaware corporation; TRAVELSCAPE, a Nevada limited liability company, | No. 88673-3 |
| Petitioners, | |
| v. | En Banc |
| STEADFAST INSURANCE COMPANY, a Delaware corporation; ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; ROYAL & SUN ALLIANCE, a foreign corporation; ARROWPOINT CAPITAL CORP., a Delaware corporation; ARROWOOD SURPLUS LINES INSURANCE COMPANY, a Delaware corporation; ARROWOOD INDEMNITY COMPANY, a Delaware corporation, | |
| Respondents. | Filed JUL 0 3 2014 |

MADSEN, C.J.—Petitioners seek adjudication of their summary judgment motion concerning their insurers' duty to defend them in cases brought by local taxing authorities. They further request a stay of discovery in the coverage action that may prejudice them in the underlying litigation.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

We hold that the trial court erred by delaying adjudication of Zurich's[1] duty to defend Expedia. We accordingly vacate the trial court's August 20, 2012 order. We remand to the trial court to determine Zurich's duty to defend Expedia in each of the 54 underlying cases subject to Expedia's motion.[2] The trial court is further ordered to stay discovery in the coverage action until it can make a factual determination as to which parts of discovery are potentially prejudicial to Expedia in the underlying actions. All discovery logically related to the underlying claims should be stayed until such claims are fully adjudicated.

## FACTS AND PROCEDURAL HISTORY

Expedia has been subject to approximately 80 underlying lawsuits by states, counties, and municipalities (collectively, taxing authorities) for purportedly failing to collect the right amount of local occupancy taxes from its hotel customers. Expedia tendered most of the suits to Zurich, although some were tendered late. Zurich refused to defend Expedia on a number of grounds, including late tender and that the underlying suits may be excluded from the

---

[1] Following the parties' convention, we refer to respondent insurers collectively as "Zurich" because Zurich is most central to the facts of this case. Similarly, we refer to the petitioner insureds collectively as "Expedia."

[2] See Clerk's Papers (CP) at 409-16 for a list of the 63 underlying cases tendered to Zurich. Zurich's summary judgment motion concerns 54 of those cases. The motion specifically seeks

> to enforce Zurich's duty to defend under the two policies . . . with respect to 54 of the underlying actions, and seeks to hold Zurich accountable for its bad faith conduct and CPA [Consumer Protection Act, ch. 19.86 RCW,] violations. Expedia does not seek summary judgment against Zurich under the two policies at issue with respect to the *City of Los Angeles*, *City of Chicago*, *City of Philadelphia*, and *Expedia v. City of New York Department of Finance* actions.

CP at 1908.

2

policies' coverage. The trial court has declined to make a determination of Zurich's duty to defend Expedia, instead ordering discovery that Expedia claims may be prejudicial to the underlying actions.

Expedia applies local occupancy tax rates to the discounted rate it negotiates with hotels rather than the total price paid by the customer, including fees. Whether this is the proper calculation for local occupancy taxes is central to the underlying actions. Many taxing authorities have claimed that Expedia should have applied the tax rate to the retail rate charged to customers rather than the net rate paid to the hotels. The taxing authorities generally seek damages, compensatory damages, or other monetary relief, although some seek equitable relief such as the imposition of constructive trusts.

Expedia procured liability insurance from a number of insurers between May 2006 and October 2009. Only two of the policies are still at issue: EOL 5329302-02, issued for the October 1, 2005 to October 1, 2006 policy period, and EOL 5329302-03, issued for the October 1, 2006 to October 1, 2007 policy period. The policies provide Expedia with coverage for any liability for "[d]amages arising out of a negligent act or negligent omission . . . in the conduct of Travel Agency Operations." Clerk's Papers (CP) at 4147, 4180. The policies further specify that Zurich has a "duty to defend any Suit against [Expedia] seeking Damages." *Id.* at 4147. Under the policies' definitions sections,

> Damages means the monetary portion of any judgment, award or settlement provided . . . . Damages do not include:

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

1. Punitive, exemplary, or multiple damages;
2. Criminal or civil fines, penalties (statutory or otherwise), fees or sanctions;
3. Matters deemed uninsurable;
4. Any form of non-monetary; equitable or injunctive relief; or
5. Restitution, return or disgorgement of any fees, funds or profits.

*Id.* at 4152-53, 4185. The policies require Expedia to notify Zurich "as soon as practicable of an Occurrence, a negligent act or negligent omission or an offense." *Id.* at 4158, 4189. The policies also contain a number of exclusions, including claims relating to the underpayment of applicable taxes and fraud.[3]

By 2002, Expedia was aware that taxing authorities were questioning its merchant model for collecting occupancy taxes. Expedia specifically disclosed this potential problem to its shareholders in its 2002 and 2003 United States Securities and Exchange Commission Form 10-K filings. The first case was filed against Expedia on December 30, 2004. Expedia tendered the action to its insurers on June 10, 2005. On June 23, 2005, the insurers denied coverage and refused to provide a defense on a number of grounds, including that Expedia's actions were potentially willfully dishonest and thus excluded by specific policy language.

In 2010 and 2011, Expedia tendered approximately 62 additional lawsuits to its insurers, who again refused the tender. Expedia filed this action in

---

[3] Expedia maintains that the policy exclusion for the underpayment of taxes does not apply to the situation at hand because Expedia has indisputably paid all of its own taxes. *See id.* at 1900-01. The taxes at issue here are owed by hotel occupants and collected by Expedia.

4

November 2010 against Zurich for declaratory judgment; insurance bad faith; and a violation of Washington's Consumer Protection Act, chapter 19.86 RCW. Zurich responded with a counterclaim for declaratory judgment that no coverage exists and that there is no duty to defend or indemnify. Zurich also asserted various defenses, including late tender, known loss, material misrepresentation, and mistake.

Zurich moved for summary judgment, claiming that as a matter of law, the lawsuits against Expedia do not seek damages on account of negligent acts or omissions. Expedia moved for a CR 56(f) continuance in order to conduct discovery concerning the meaning of the insurance contracts. Expedia specifically sought depositions from the insurers' underwriters and claims handlers who were likely to have information regarding the meaning of key policy terms at issue in the summary judgment motions. Zurich agreed to the requested continuance and produced four witnesses for deposition on underwriting and claims issues. Zurich also sought discovery at this time.

The trial court denied Zurich's motion for summary judgment with respect to Zurich American Insurance Company policy numbers EOL 5329302-02 and EOL 5329302-03. Expedia then filed a motion for an order providing that Zurich American Insurance Company had a duty to defend under the two remaining policies because the underlying lawsuits contain one or more claims that are potentially covered. The trial court declined to enter this order and instead entered

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

an order on March 2, 2012 denying Zurich American Insurance Company's motion for summary judgment with respect to the two policies.

Expedia then filed a motion for summary judgment, seeking an adjudication that Zurich has a duty to defend it. This motion was filed on March 30, 2012 and has not yet been heard. Zurich moved for a CR 56(f) continuance to seek discovery relating to, among other things, Zurich's alleged late notice, misrepresentation, mistake, and known loss defenses. The trial court granted the CR 56(f) motion and took Expedia's motion off the calendar. Expedia subsequently provided some additional discovery to Zurich but declined to provide other discovery on the grounds that the requested information is potentially prejudicial to Expedia's interests in the underlying actions. Expedia then asked the trial court to set a hearing date for its duty to defend motion while protecting it from overlapping and potentially prejudicial discovery.

The trial court "agree[d] with Expedia that there is a dangerous overlap between the discovery seeking Expedia's knowledge or intent regarding its liability for the payment of the certain occupancy tax amounts." Report of Proceedings (RP) (June 15, 2012) at 31. The court further noted that "[t]he discovery that Expedia might be forced to give with regard[] to that issue could be injurious to its interests" in the underlying cases. *Id.* The trial court, however, ultimately declined to hear Expedia's duty to defend motion until discovery was complete because it could not "conclude, as a matter of law, that this discovery is

6

not relevant to the [insurance] company's defenses." *Id.* at 31-32. On August 20, 2012, the trial court entered an order denying Expedia's motion to adjudicate its summary judgment motion.

Expedia filed a motion for discretionary review in Division One of the Court of Appeals. On March 11, 2013, the Court of Appeals denied discretionary review of the trial court's August 20, 2012 order[4] permitting Zurich to delay adjudication of Expedia's motion for summary judgment on the duty to defend. Agreeing with the trial court, the Court of Appeals justified its denial on the basis of the unique circumstances of the case, including Expedia's late tender. Expedia then petitioned this court for discretionary review, which we granted. *Expedia, Inc. v. Steadfast Ins. Co.*, 177 Wn.2d 1020, 303 P.3d 1064 (2013).

ISSUES

Did the trial court err in delaying ruling on Zurich's duty to defend Expedia from third-party lawsuits?

Did the trial court err in allowing discovery to proceed that was potentially prejudicial to Expedia in third-party lawsuits?

---

[4] While the August 20, 2012 order is the main trial court ruling at issue, Expedia also sought discretionary review of related trial court rulings. Zurich claims that the March 2, 2012 order was not designated for review and thus the duty to defend issue is not properly before this court. Expedia's motion for discretionary review specifically designated the August 22, 2012 order "as well as all ancillary orders relating to the August 22, 2012 order." Pl./Pet'r's Mot. for Discretionary Review at 3. These trial court orders are in fact related and properly before this court. Furthermore, "we may consider orders not designated in the notice if review is 'demanded by the necessities of the case.'" *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 763 n.6, 58 P.3d 276 (2002) (quoting RAP 2.4(a)).

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

STANDARD OF REVIEW

Legal issues affecting the scope of insurance coverage are reviewed de novo. *See Fluke Corp. v. Hartford Accident & Indem. Co.*, 145 Wn.2d 137, 143, 34 P.3d 809 (2001). Language in an insurance policy is interpreted as a matter of law, and construction of that language is reviewed de novo. *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wn.2d 264, 271, 267 P.3d 998 (2011). Orders regulating the timing and procedure of a case, such as orders related to discovery, generally are reviewed for an abuse of discretion. *See Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 695, 295 P.3d 239 (2013).

ANALYSIS

1. Duty to defend

This court has "long held that the duty to defend is different from and broader than the duty to indemnify." *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 404, 229 P.3d 693 (2010) (citing *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 392, 823 P.2d 499 (1992)). While the duty to indemnify exists only if the policy covers the insured's liability, the duty to defend is triggered if the insurance policy conceivably covers allegations in the complaint. *Id.* (citing *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 53, 164 P.3d 454 (2007)). "'The duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Am. Best Food*, 168 Wn.2d at 404-05 (internal quotation

8

marks omitted) (quoting *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 760, 58 P.3d 276 (2002)). Furthermore, exclusionary clauses in the insurance contract "'are to be most strictly construed against the insurer.'" *Id.* at 406 (quoting *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 68, 659 P.2d 509 (1983)).

It is a cornerstone of insurance law that an insurer may never put its own interests ahead of its insured's. *Id.* at 405 (citing *Mut. of Enumclaw Ins. Co. v. T&G Constr., Inc.*, 165 Wn.2d 255, 269, 199 P.3d 376 (2008)). "'[T]he duty to defend requires an insurer to give the insured the benefit of the doubt when determining whether the insurance policy covers the allegations in the complaint.'" *Id.* at 412 (quoting *Woo*, 161 Wn.2d at 60). A court will construe an ambiguous complaint liberally in favor of triggering the duty to defend. *Woo*, 161 Wn.2d at 52 (quoting *Truck Ins. Exch.*, 147 Wn.2d at 760). In *Truck Insurance Exchange*, we held that "[o]nce the duty to defend attaches, insurers may not desert policyholders and allow them to incur substantial legal costs while waiting for an indemnity determination." 147 Wn.2d at 761 (citing *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 563, 951 P.2d 1124 (1998)). An insurer must accordingly defend its insured until it is clear that a claim is not covered under the policy. *Am. Best Food*, 168 Wn.2d at 405 (citing *Truck Ins. Exch.*, 147 Wn.2d at 765).

The duty to defend generally is determined from the "eight corners" of the insurance contract and the underlying complaint. There are two exceptions to this

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

rule, and both favor the insured. *Woo*, 161 Wn.2d at 53 (quoting *Truck Ins. Exch.*, 147 Wn.2d at 761). First, if coverage is not clear from the face of the complaint but coverage could exist, the insurer must investigate and give the insured the benefit of the doubt on the duty to defend. *Id.* Second, if the allegations in the complaint conflict with facts known to the insurer or if the allegations are ambiguous, facts outside the complaint may be considered. *Id.* at 54. However, these extrinsic facts may only be used to trigger the duty to defend; the insurer may not rely on such facts to deny its defense duty. *Id.*

Washington law broadly views damages as "'sums of money'" owed when a policyholder's "'acts or omissions affected adversely the rights of third parties.'" *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 879, 784 P.2d 507 (1990) (quoting *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 683 F. Supp. 1139, 1168 (W.D. Mich. 1988)). Construing these insurance contracts liberally, as we must, many of the underlying complaints appear to seek damages that could conceivably be covered by the policies. The trial court appeared to recognize this, noting that "there is under at least one conceivable theory a situation where Expedia could be found to be liable under the underlying complaints, yet not have engaged in willful misconduct." RP (Jan. 13, 2012) at 82-83. The court also recognized that "given that the cities do not have to prove intent, one of those theories, at least, would put this more in the category of damages, rather than restitution." *Id.* at 81. Even so,

10

the court declined to adjudicate Expedia's motion for summary judgment and instead stayed it pending further discovery.

It appears that the trial court erroneously conflated the duty to defend with the duty to indemnify. Determining whether the duty to defend has been triggered is a separate inquiry from whether an insurer may be relieved of its duty to defend or indemnify due to a defense such as a claim of late tender by the insured. *See Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn.2d 872, 889, 297 P.3d 688 (2013). A late tender defense to the duty to defend requires the insurer to prove that it was "actually and substantially prejudiced" by the late tender. *Id.* at 890. Zurich claims that *Immunex* stands for the proposition that discovery on the issue of whether an insured's late notice has prejudiced the insurer is appropriate. Accordingly, they assert that summary judgment on the duty to defend is foreclosed in this case. This, however, is an incorrect reading of *Immunex*.

In *Immunex*, this court first resolved whether a determination of no coverage applied retroactively to a reservation of rights defense. Only after resolving this question did the court turn to the insurer's late tender defense and address issues of actual prejudice. *Id.* at 878-80, 890-91. At most, *Immunex* indicates that the actual prejudice question is relevant only to the late tender defense and that actual prejudice caused by late tender may relieve the insurer of the duty to pay the cost of defense incurred after the insurer obtains a judicial declaration that it owes no duty to defend. *Id.* at 891.

11

Here, the trial court delayed adjudicating Zurich's motion for summary judgment on its duty to defend because it believed that Zurich had a right to discovery in order to help prove its defenses, including late tender. This was incorrect. Instead, the trial court should have adjudicated the duty to defend issue. Zurich could then attempt to prove its defenses, including prejudice from late tender. In the meantime, however, Zurich should have been required to defend Expedia if the court found that the duty to defend had been triggered. Unless actual prejudice can be established by the insurer as a matter of law, an insurer's allegations of prejudice cannot preclude a determination that the underlying claim is conceivably covered.

2. Discovery

The trial court allowed Zurich discovery before it would hear Expedia's summary judgment motion concerning Zurich's duty to defend. In support of its argument that it should be permitted to discover and present extrinsic evidence negating its duty to defend, Zurich primarily relies on *Overton v. Consolidated Insurance Co.*, 145 Wn.2d 417, 38 P.3d 322 (2002). In *Overton*, this court considered extrinsic evidence that the insured was aware of pollution on his property before purchasing the insurance policies in the course of determining that there was no coverage. *Id.* at 429-31. The proposition for which Zurich cites *Overton* is not stated in the majority opinion and is implicit only in the majority's consideration of extrinsic evidence. Moreover, the opinion is not clear as to

12

whether the insured even objected to the insurer's reliance on extrinsic evidence. *See id.*

Even if *Overton* is viewed as supporting Zurich's argument, the opinion predates and conflicts with the extrinsic evidence rule as clarified in *Truck Insurance Exchange* and its progeny. *Truck Insurance Exchange* is clear that the duty to defend must be determined from the four corners of the complaint and the four corners of the insurance policy. 147 Wn.2d at 761. The two exceptions to this rule may be used only to trigger the duty to defend, not to foreclose it. *Id.*

It appears that no Washington courts have squarely considered the propriety of allowing discovery in a duty to defend action that may prejudice the insured in the underlying litigation. Expedia, however, cites two California cases which are on point.[5] In *Montrose Chemical Corp. of California v. Superior Court*, the California Supreme Court noted, "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." 6 Cal. 4th 287, 301, 24 Cal. Rptr. 2d 467 (1993). Two years later, the California Court of Appeal

---

[5] Washington and California insurance law embrace many of the same basic principles. However, Washington law is even more restrictive than California as to what evidence an insurer may use to defeat a showing that the duty to defend has been triggered. California, unlike Washington, permits an insurer to rely on facts extrinsic to the complaint to defeat a defense duty. *Compare Haskel, Inc. v. Superior Court*, 33 Cal. App. 4th 963, 975, 39 Cal. Rptr. 2d 520 (1995), *with Woo*, 161 Wn.2d at 53. Even in California, the insurer must defend until those facts are developed and may not deny the duty to defend or delay adjudication of such a duty in order to pursue discovery to develop those facts. *Haskel*, 33 Cal. App. 4th at 976-77.

decided *Haskel, Inc. v. Superior Court*, 33 Cal. App. 4th 963, 975, 39 Cal. Rptr. 2d 520 (1995). The case presented an almost identical question to the discovery issue in this case. *Id.* at 968.

Expedia urges us to follow *Haskel*'s lead concerning discovery in duty to defend actions. In that case, corporations brought a declaratory action against their insurers to determine coverage. *Id.* at 971. They then filed a motion for summary judgment. *Id.* at 972. The trial court ordered the motion to be taken off the calendar and that the motion could not be refiled until the insureds complied with the insurers' discovery requests. *Id.* at 973. The insureds then sought a writ of mandate to vacate the order and stay all discovery that was logically related to the underlying actions. *Id.*

The court concluded that Haskel was entitled to have its summary judgment motion adjudicated concerning the duty to defend. If a showing of potential coverage was made and the insurers did not produce undisputed evidence that conclusively eliminated any possibility of coverage, the motion was to be granted. The court also concluded that Haskel was entitled to a stay of prejudicial discovery. *Id.* at 969. The court recognized that the trial court erred by conditioning Haskel's right to have its summary judgment motion heard upon its compliance with the insurer's discovery demands. *Id.* at 978.

We find *Haskel* persuasive and agree that an adjudication of the duty to defend cannot be delayed by discovery. Here, the trial court erred by delaying

14

adjudication of Expedia's summary judgment motion concerning the duty to defend until Expedia complied with potentially prejudicial discovery.

## CONCLUSION

We hold that the trial court erred by delaying adjudication of Zurich's duty to defend Expedia. We accordingly vacate the trial court's August 20, 2012 order. We remand to the trial court to determine Zurich's duty to defend Expedia in each of the 54 underlying cases subject to Expedia's motion. The trial court is further ordered to stay discovery in the coverage action until it can make a factual determination as to which parts of discovery in the coverage action are potentially prejudicial to Expedia in the underlying litigation. All discovery logically related to the underlying claims should be stayed until such claims are fully adjudicated.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Madsen, C.J.

WE CONCUR:

_Johnson, J._      _Wiggins, J._

_Owens, J._      _González, J._

_Fairhurst, J._      _Gordon McCloud, J._

_Stephens, J._      Korsmo, J, P.T.