NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SECURITY NATIONAL INSURANCE
COMPANY, a Washington corporation,

Plaintiff-Appellee,

v.

MICHELLE URBERG, a Washington
resident; et al.,

Defendants-Appellants.

No.    23-35228

D.C. No. 2:21-cv-01287-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted August 21, 2024[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Appellants, a group of homeowners, appeal the district court's order granting

summary judgment in favor of Security National Insurance Company ("Security

National") in this insurance-related case.  We have jurisdiction under 28 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1291.  We review de novo, *Kohler v. Bed Bath & Beyond of Cal., LLC*, 778 F.3d 827, 829 (9th Cir. 2015), and affirm.

Upon discovering property damage several months after purchasing their homes, Appellants filed a lawsuit against the builders and developers of their homes asserting claims of breach of contract and breach of express and implied warranty. The project's general contractor, Proletariat Services, Inc., in turn filed a third-party complaint against the subcontractors for the project and alleged that their work contributed to the damage at issue in Appellants' lawsuit.  One of those subcontractors, LND Construction ("LND"), was insured by Security National. Security National denied LND's tender of defense because its insurance policies contained exclusions for new construction.  After settling with the various parties, Appellants obtained LND's rights under the relevant insurance policies.  Security National filed the underlying action against Appellants seeking a declaration that the claims against LND were not covered under the policy.  Appellants filed counterclaims for breach of contract and insurance bad faith, among others, and the district court granted judgment in favor of Security National.

The district court did not err.  Under Washington law, the duty to defend is triggered at the time a lawsuit is filed and "is based on the *potential for liability*." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 58 P.3d 276, 281 (Wash. 2002)).  "The duty to

defend generally is determined from the 'eight corners' of the insurance contract and the underlying complaint." *See Expedia, Inc. v. Steadfast Ins. Co*., 329 P.3d 59, 64 (Wash. 2014). "Although an insurer has a broad duty to defend, alleged claims which are clearly not covered by the policy relieve the insurer of its duty." *Kirk v. Mt. Airy Ins. Co.*, 951 P.2d 1124, 1126 (Wash. 1998).

Here, it is undisputed that the policies at issue contain exclusions relating to new, ground-up construction. The allegations of the operative pleadings make clear that the claims against LND involve new construction. Indeed, Appellants' complaint alleged that one or more of the defendants was the builder-vendor of the homes, Appellants were the original purchasers of the homes, and the defendants breached the implied warranty of habitability by failing to construct the homes in a manner that made them safe or fit for their intended purpose. A claim for breach of the implied warranty of habitability necessarily indicates the homes at issue involve new construction. *See Stuart v. Coldwell Banker Com. Grp., Inc.*, 745 P.2d 1284, 1289 (Wash. 1987) ("When a vendor-builder sells a new house to its first intended occupant, he impliedly warrants that the foundations supporting it are firm and secure and that the house is structurally safe for the buyer's intended purpose of living in it." (quoting *House v. Thornton*, 457 P.2d 199, 204 (Wash. 1969) (cleaned up))); *Klos v. Gockel*, 554 P.2d 1349, 1352 (Wash. 1976) (noting that "for purposes of warranty liability, the house purchased must be a 'new house'"). Contrary to

3

Appellants' contention, determining that the claims against LND involve new construction required neither consideration of facts extrinsic to the complaint nor a questionable interpretation of Washington law. *Cf. Am. Best. Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 700 (Wash. 2010) (holding that an insurer's "failure to defend based upon a questionable interpretation of law was unreasonable").

Because there is no "reasonable interpretation of the [complaint's] facts or the law" that suggest the claims against LND involve something other than new construction that would result in coverage, the district court did not err by declaring that Security National did not breach its duty to defend. *See id.*; *see also Woo*, 164 P.3d at 459.

The district court also permissibly granted summary judgment in favor of Security National on Appellants' claims for breach of contract, insurance bad faith, and estoppel and waiver. Appellants failed to put forth evidence from which a reasonable trier of fact could conclude that Security National's denial of LND's tender of defense was "unreasonable, frivolous, or unfounded." *Am. Best Food, Inc.*, 229 P.3d at 700. Nor did Appellants put forth evidence that the timing of Security National's denial of LND's tender of defense resulted in actual harm. *See St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 669 (Wash. 2008).

**AFFIRMED.**

4