**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BILLY BRAMBLETT, a single person;
JAMES LACEY, a married person; DION
LUMADUE,

        Plaintiffs - Appellants,

and

NICHOLAS KNAACK, a single person,

        Plaintiff,

  v.

ALLIED WORLD SPECIALTY
INSURANCE COMPANY, a foreign
insurer,

        Defendant - Appellee.

No. 25-489

D.C. No.
2:23-cv-01679-BJR

MEMORANDUM[*]

NICHOLAS KNAACK, a single person,

        Plaintiff - Appellant,

and

BILLY BRAMBLETT, a single person,
JAMES LACEY, a married person, DION
LUMADUE, a single person,

No. 25-493

D.C. No.
2:23-cv-01679-BJR

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                          Plaintiffs,

    v.

ALLIED WORLD SPECIALTY
INSURANCE COMPANY, a foreign
insurer,

                    Defendant - Appellee.
```

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted February 26, 2026
Spokane, Washington

Before: SUNG, H.A. THOMAS, and MENDOZA, Circuit Judges.

Plaintiffs-Appellants Billy Bramblett ("Bramblett"), James Lacy ("Lacy"), Dion Lumadue ("Lumadue"), and Nicholas Knaack ("Knaack") appeal the district court's grant of summary judgment in favor of Defendant, Allied World Specialty Insurance Co. ("Allied"). We have jurisdiction under 28 U.S.C. § 1291. We reverse in part, vacate in part, affirm in part, and remand for further proceedings consistent with this disposition.

"We review de novo the district court's grant of summary judgment." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). "Washington courts interpret language in insurance policies as a matter of law," and appellate courts "review[] de novo a lower court's interpretation of policy language."

*Seattle Tunnel Partners v. Great Lakes Reinsurance (UK) PLC*, 516 P.3d 796, 800 (Wash. 2022).

1.      Allied breached its insurance contract with American Behavioral Health Systems ("ABHS") by declining to defend ABHS against the underlying complaint Plaintiffs filed in state court ("Underlying Complaint").[1]

Under Washington state law, "the duty to defend arises when the policy could *conceivably* cover allegations in a complaint," and "an insurer must defend a complaint against its insured until it is clear that the claim is not covered." *Xia v. ProBuilders Specialty Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017). "[T]he duty to defend requires an insurer to give the insured the benefit of the doubt when determining whether the insurance policy covers the allegations in the complaint." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 463 (Wash. 2007); *see also Expedia, Inc. v. Steadfast Ins. Co.*, 329 P.3d 59, 64 (Wash. 2014) (explaining that courts must construe ambiguities "liberally in favor of triggering the duty to defend"). The parties agree that the Allied Insurance Policy ("Policy"), which explicitly covers losses arising from claims alleging "sexual harassment, unwelcome sexual advances, and requests for sexual favors or other misconduct of a sexual nature," initially extends coverage to the claims in the Underlying

---

[1] In August 2023, Plaintiffs reached a settlement with ABHS under which ABHS agreed to assign its rights under the Allied Insurance Policy to Plaintiffs. Plaintiffs now sue Allied under that assignment of rights.

Complaint. However, they dispute the scope and effect of the exclusionary provision for sexual molestation and sexual abuse ("Sexual Abuse Exclusion").

The Sexual Abuse Exclusion states that the Policy "shall not cover any Loss in connection with any Claim . . . alleging, arising out of, based upon, attributable to or in any way relating to any actual or alleged sexual molestation or sexual abuse." Under Washington law, exclusionary provisions are construed narrowly against the insurer. *See Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005). First, the Bramblett Plaintiffs (Bramblett, Lacy, and Lumadue) argue that the terms "sexual abuse" and "sexual molestation" can be interpreted narrowly such that none of the allegations in the Underlying Complaint fall within the Sexual Abuse Exclusion. Second, all Plaintiffs argue that even assuming the Underlying Complaint contains some excluded allegations, the Policy can be interpreted as providing partial coverage for losses arising from the covered allegations. The question is whether either of these interpretations is conceivable.

We agree with Plaintiffs that the second interpretation is at least conceivable.[2] Indeed, at oral argument, Allied conceded that it is possible for a complaint containing both covered allegations and excluded sexual abuse allegations to be covered in part under the Policy. Allied now argues only that the

---

[2] Because it is unnecessary to decide whether the first interpretation is conceivable, we decline to do so.

Underlying Complaint cannot be separated into covered and excluded portions because the covered sexual harassment allegations are too intertwined with the excluded sexual abuse allegations.

We agree with the parties that the Policy may provide for partial coverage of a complaint even if it contains some excluded allegations of sexual abuse. Nothing in the Policy expressly precludes separating a complaint into covered and excluded parts in such circumstances. Washington law requires us to construe exclusions narrowly, especially when the policy also includes an applicable coverage provision. *See, e.g.*, *Xia*, 400 P.3d at 1242–43 (determining that an exclusionary provision for harm caused by pollution did not exclude coverage for claim alleging that negligent construction caused carbon monoxide pollution because the policy expressly covered claims of negligent construction). "When interpreting an insurance policy, we give it a practical and reasonable interpretation rather than a strained or forced construction that leads to an absurd conclusion, or that renders the policy nonsensical or ineffective." *Seattle Tunnel Partners*, 516 P.3d at 804 (internal quotation marks omitted). Endorsement 12 to the Policy, consistent with Washington law, provides that Allied "will have the . . . duty to defend any Claim which is covered in whole or in part under the Insuring Agreements, even if such Claim is groundless, false or fraudulent." Allied previously argued that any complaint containing allegations of sexual abuse is excluded from coverage in its

5                                                                                    25-489

entirety because the entire complaint "relates to" the sexual abuse allegations. However, we can construe the term "relating to" more narrowly without rendering the term superfluous. If the Sexual Abuse Exclusion did not include the term "relating to," under Washington law, it arguably would not reach post-abuse negligence related to sexual abuse. *See Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 695–97 (Wash. 2010) (interpreting provision excluding claims "arising out of" assault as not reaching "related" post-assault negligence). Because the Sexual Abuse Exclusion includes the term "relating to," it could reach related post-abuse negligence, but still not reach covered sexual harassment.

As noted, Allied now argues only that the Underlying Complaint here cannot be divided into covered and excluded portions because the covered and excluded allegations are too intertwined. We conclude that the Underlying Complaint can be separated into covered and excluded parts in at least two ways.

First, a trier of fact could impose liability for some causes of action based on covered allegations only. For example, a jury could impose liability under the First Cause of Action in the Underlying Complaint for gender discrimination in violation of the Washington Law Against Discrimination ("WLAD") based only on the allegations of verbal harassment. *See Floeting v. Grp. Health Coop.*, 403 P.3d 559, 561 (Wash. Ct. App. 2017) (concluding that a jury could find employee's frequent sexually suggestive comments toward a customer constituted

harassment leading to liability for sex discrimination under the WLAD), *aff'd*, 434 P.3d 39 (Wash. 2019).

Second, we can conceivably interpret the terms "sexual molestation" and "sexual abuse" in the Sexual Abuse Exclusion as not reaching any of the conduct that Knaack alleged, and a jury could find liability as to Knaack's causes of action only. Allied argues that Knaack alleged some conduct that amounts to sexual molestation or abuse. The Policy does not define the terms "sexual molestation" and "sexual abuse," so we interpret the terms "in accord with the understanding of the average purchaser of insurance, and . . . given their plain, ordinary and popular meaning." *Queen City Farms, Inc. v. Cent. Nat. Ins. Co. of Omaha*, 882 P.2d 703, 718 (Wash. 1994). The Merriam-Webster Dictionary defines "molest" as: "to make unwanted or improper sexual advances towards (someone)," and "*especially* : to force physical and usually sexual contact on (someone)."[3] The Merriam-Webster Dictionary defines "sexual abuse" as "the infliction of sexual contact upon a person by forcible compulsion."[4] As noted, Washington law requires exclusions to be construed narrowly. The narrower definition of "sexual molestation" and the

---

[3] *Molest*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/molest [https://perma.cc/WK4T-T3FR] (last visited Mar. 10, 2026).

[4] *Sexual abuse*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/sexual%20abuse [https://perma.cc/V8H2-3PBH] (last visited Mar. 10, 2026).

definition of "sexual abuse" each require both sexual contact and force. Additionally, Washington law requires an insurer to give the insured the benefit of the doubt when determining whether the insurance policy covers the allegations in the complaint. *See Am. Best Food*, 229 P.3d at 700. Applying that standard, Knaack's allegations—including his allegations of unwanted sexual advances that were verbal in nature, excessive strip searches which involved no touching, and unwanted hugging—remain covered under the Policy because they do not involve either sexual contact or use of force.

Because the Policy conceivably covers the Underlying Complaint in part, and the Policy imposes on Allied the "duty to defend any Claim which is covered in whole or in part," Allied is liable for breach of contract for denying a defense to ABHS. On remand, the district court is instructed to grant partial summary judgment in favor of all Plaintiffs on this claim as to liability.[5] The trier of fact

---

[5] Before the district court, Plaintiffs Lacy and Lumadue moved for partial summary judgment as to liability on the duty to defend contract claim and the common law bad faith denial of defense claim, as well as for the coverage by estoppel remedy. Plaintiff Knaack moved below for summary judgment as to liability on all claims as well as for the coverage by estoppel remedy. Plaintiff Bramblett did not move for summary judgment below. On appeal, the Bramblett Plaintiffs argue that this court should reverse the district court's grant of summary judgment in favor of Allied on all claims and further direct the grant of partial summary judgment in their favor as to liability on the duty to defend contract claim and the bad faith denial of defense claim, and on the coverage by estoppel remedy. Plaintiff Knaack asks this court to reverse the district court's grant of summary judgment in favor of Allied and to direct the grant of summary judgment in his favor as to liability on *all* claims in addition to the remedy of coverage by estoppel.

shall determine an appropriate award of damages.

2.     Plaintiffs have established that Allied breached its common law duty of good faith by declining to defend ABHS in bad faith. "To succeed on a bad faith claim, the policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003). An insurer acts unreasonably when it "put[s] its own interest ahead of its insured" and "denie[s] a defense based on an arguable legal interpretation of its own policy." *Am. Best Food*, 229 P.3d at 700. Here, Allied "put its own interest ahead of its insured" because it denied a defense when a conceivable basis for coverage existed, as explained above. *Id.* It resolved

---

Under these circumstances, we have discretion to direct the grant of summary judgment in favor of all Plaintiffs because the legal issues are the same. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1176–77 (9th Cir. 2014) (en banc) (directing grant of summary judgment sua sponte on appeal in favor of nonmovant after concluding that no factual issues precluded it), *overruled in part on other grounds by Perttu v. Richards*, 605 U.S. 460 (2025). Courts generally disfavor granting summary judgment in favor of a nonmovant. *See Kassbaum v. Steppenwolf Prods., Inc.*, 236 F.3d 487, 494 (9th Cir. 2000). However, courts have discretion to "grant summary judgment for a nonmovant [or] grant [summary judgment] on grounds not raised" if the nonmovant is afforded sufficient "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). We conclude that those requirements are met here. "As [a] movant[] for summary judgment in this case, [Allied] w[as] on notice of the need to come forward with all [its] evidence in support of this motion, and [it] had every incentive to do so." *Albino*, 747 F.3d at 1177. In addition, Plaintiff Knaack cross-moved for summary judgment on all claims and the coverage by estoppel remedy, and Allied had an opportunity to oppose that motion. Further, Allied does not argue on appeal that any factual disputes preclude a grant of summary judgment to any plaintiff or on any issue.

ambiguities in the Policy in its own favor rather than in favor of the insured as Washington law requires. *See Expedia*, 329 P.3d at 64. "Denying a duty to defend based on a questionable interpretation of policy language that gives the insurer rather than the insured the benefit of the doubt constitutes bad faith as a matter of law." *Webb v. USAA Cas. Ins. Co.*, 457 P.3d 1258, 1274 (Wash. Ct. App. 2020).

On remand, the district court is instructed to grant summary judgment in favor of Plaintiffs on this claim. Additionally, Plaintiffs are entitled to the remedy of coverage by estoppel for the full amount of the settlement in the original state court lawsuit.[6] *See Robbins v. Mason Cnty. Title Ins. Co.*, 462 P.3d 430, 438 (Wash. 2020) ("When an insurer breaches in bad faith, it is estopped from denying coverage.").

3.     Allied violated the Insurance Fair Conduct Act ("IFCA"), Wash. Rev. Code § 48.30.015. To prevail on an IFCA claim, a plaintiff "must show that the insurer unreasonably denied a claim for coverage *or* that the insurer unreasonably denied payment of benefits." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 482 (Wash. 2017). Because we conclude that Allied unreasonably denied a defense to ABHS, Allied is liable for violating the IFCA as a matter of

---

[6] Because we conclude that Plaintiffs are entitled to the full amount of the underlying settlement, it is unnecessary to reach Plaintiff Knaack's separate appeal concerning his claim that Allied breached its contractual duty to indemnify because that claim would not provide an additional remedy.

law. *See Webb*, 457 P.3d at 1275 (granting partial summary judgment as to liability in favor of insured on IFCA claim based on finding that insurer is liable for common law bad faith for unreasonable breach of duty to defend).

On remand, the district court is instructed to grant partial summary judgment in favor of Plaintiffs on this claim as to liability. The district court may exercise its discretion under the IFCA statute to determine whether additional remedies are warranted such as an award of treble damages or attorney fees. *See* Wash. Rev. Code § 48.30.015(2)–(3).

4. The district court erred in granting summary judgment in favor of Allied on the Washington Consumer Protection Act ("WCPA") claim based on bad faith denial of defense. *See Perez-Crisantos*, 389 P.3d at 483 (providing legal standard). The district court reasoned that the WCPA claim "r[o]se and . . . f[e]ll with the[] breach-of-contract claims," on which it also granted summary judgment in favor of Allied. Because we reverse on the duty to defend breach of contract claim, the district court's reasoning is no longer sound. However, unlike the other causes of action discussed above, a WCPA claim requires Plaintiffs to prove different elements including: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Id.* (citation and quotation marks omitted). On appeal, Plaintiffs do not meaningfully argue that they have satisfied their

burden for partial summary judgment as to liability. Accordingly, we vacate the district court's grant of summary judgment in favor of Allied, and we remand for further proceedings.

5. The district court correctly granted summary judgment in favor of Allied on Plaintiffs' common law bad faith and statutory claims based on alleged violations of procedural regulations. To the extent Plaintiffs bring common law bad faith claims and WCPA claims based on alleged procedural violations, the claims fail because Plaintiffs presented no evidence that those violations injured them. *See id.* at 483 (plaintiff must prove "injury . . . in his or her business or property" to prevail on WCPA claim); *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 668 (Wash. 2008) (elements of common law bad faith claim include "damages proximately caused by any breach of duty"). To the extent Plaintiffs bring an IFCA claim based on the alleged procedural violations, that claim fails as a matter of law because the IFCA provides a "cause of action against insurers who unreasonably deny coverage or benefits" and "does not create an independent cause of action for regulatory violations." *Perez-Crisantos*, 389 P.3d at 477, 483; *see* Wash. Rev. Code § 48.30.015(1).

**REVERSED in part, VACATED in part, AFFIRMED in part, and REMANDED with instructions.**

We allocate costs against Defendant-Appellee.