**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLIN BANCROFT,

Plaintiff-Appellant,

v.

MINNESOTA LIFE INSURANCE
COMPANY,

Defendant-Appellee.

No.   18-35642

D.C. No. 2:17-cv-01312-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 21, 2019
Seattle, Washington

Before:  IKUTA and BENNETT, Circuit Judges, and DORSEY,[**] District Judge.

Colin Bancroft appeals from the district court's grant of summary judgment

to Minnesota Life Insurance Company on all of Bancroft's claims stemming from

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

the insurance company's denial of his request for an accelerated life insurance payment. We have jurisdiction under 28 U.S.C. § 1291.

Bancroft failed to show that he was entitled to an accelerated life insurance payment. *See Pleasant v. Regence BlueShield*, 325 P.3d 237, 243 (Wash. Ct. App. 2014) (citing *Diamaco, Inc. v. Aetna Cas. & Sur. Co.*, 983 P.2d 707, 709 (Wash. Ct. App. 1999) ("The party seeking to establish coverage bears the initial burden of proving [that] coverage under the policy has been triggered.")). Even if Minnesota Life was required to apply a more-likely-than-not standard, as opposed to a 90-percent confidence factor, it reasonably denied coverage because all of the medical experts in the case—Bancroft's treating physician, Minnesota Life's reviewing doctor, and Minnesota Life's medical expert—agreed that it was reasonable to conclude that Bancroft's life expectancy exceeded 24 months.

Minnesota Life also did not deny Bancroft his right to mediation or arbitration after choosing to not conduct an independent medical evaluation of Bancroft. Though Minnesota Life reserved the right to obtain an independent medical examination of Bancroft if it disagreed with his physician's prognosis, it was not contractually required to do so before denying his claim. Also, Bancroft's right to mediation or arbitration was not conditioned on Minnesota Life's decision to obtain the separate evaluation. Instead, Washington law requires an insured to assert his right to mediation or arbitration and to attempt to resolve a disagreement

amicably with the insurer before proceeding to litigation, and Bancroft failed to assert that right. *See Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 873 (Wash. 2008) ("[I]nsured must affirmatively inform the insurer that its participation is desired." (citation omitted)); Wash. Admin. Code § 284-23-730. Minnesota Life's denial letter explaining its disagreement with Bancroft's physician's prognosis gave Bancroft the right to request mediation or arbitration. Bancroft never invoked that right.

The district court properly entered summary judgment against Bancroft on his claims for violation of the Washington Consumer Protection Act (WCPA) and the Insurance Fair Conduct Act (IFCA), because Minnesota Life's decision to deny coverage was not unreasonable. *See Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 481 (Wash. 2017) (providing that an insured must show that the insurer "'unreasonably denied a claim for coverage or payment of benefits'" to state a claim under the Insurance Fair Conduct Act) (citing Wash. Rev. Code § 48.30.015(1)); *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1276–77 (Wash. 2003) (en banc) (requiring an unreasonable denial for a bad-faith claim); *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 330 (Wash. 2002) (en banc) (requiring an unreasonable denial for claim under Washington's Consumer Protection Act). Bancroft's physician conceded that it was reasonable for Minnesota Life to conclude that Bancroft had a longer-than-24-month life expectancy and that he had relied on an

obsolete study for his prognosis. Bancroft failed to provide any evidence to undermine his physician's concession or to otherwise show that Minnesota Life acted unreasonably.

Bancroft is not entitled to attorneys' fees under *Olympic Steamship Co. v. Centennial Insurance Co.*, 811 P.2d 673, 681 (Wash. 1991), the WCPA, or the IFCA because unlike the insured in *Olympic Steamship*, he did not prevail on any of his claims, *see id.* 681–82; *Riss v. Angel*, 934 P.2d 669, 681 (Wash. 1997) ("In general, a prevailing party is one who receives an affirmative judgment in his or her favor."). Moreover, Minnesota Life eventually paid Bancroft an accelerated life insurance payment not because of the litigation itself but because, in addition to the passage of time, Bancroft provided Minnesota Life with new information regarding his life expectancy through court filings. Therefore, Bancroft was not "compel[led]" to "assume the burden of legal action" to "obtain the full benefit of his insurance contract." *Olympic Steamship*, 811 P.2d at 681.

Nor did the district court abuse its discretion in awarding Minnesota Life costs, despite Minnesota Life's failure to comply with Local Rule 7(d)(3). Bancroft opposed Minnesota Life's motion for costs before costs were taxed and Bancroft did not show that he was prejudiced by Minnesota Life's noncompliance with Local Rule 7(d)(3). *See Delange v. Dutra Const. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (district courts "have broad discretion in . . . applying their local

4

rules" (citation omitted)).  And there was no violation of Rule 54(d)(1) of the

Federal Rules of Civil Procedure because Minnesota Life moved for costs on July

30, 2018, and the clerk did not tax costs until August 24, 2018.  *See* Fed. R. Civ. P.

54(d)(1) ("The clerk may tax costs on 14 days' notice.").

**AFFIRMED.**