**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROXANNE TUNISON; et al.,

              Plaintiffs-Appellants,

  v.

SAFECO INSURANCE COMPANY OF
ILLINOIS, a foreign corporation,

              Defendant-Appellee.

No.    20-36017

D.C. No. 2:19-cv-00503-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted October 4, 2021[**]
Seattle, Washington

Before:  TASHIMA, M. SMITH, and NGUYEN, Circuit Judges.

Elias, Jon, and Roxanne Tunison appeal the district court's order granting

summary judgment in favor of Safeco Insurance Company of Illinois ("Safeco").

We have jurisdiction under 28 U.S.C. § 1291.  Reviewing the district court's grant

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of summary judgment *de novo*, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), we affirm.

1. The district court properly granted summary judgment on the Tunisons' breach of contract claim. The Tunisons contend Safeco breached the insurance contract by applying the Montana underinsured motorist coverage ("UIM") limits when they resided in Washington at the time of the accident. However, prior to the initiation of the underlying proceedings, Safeco agreed to reform the Tunisons' policy such that Washington UIM limits applied. Thus, the Tunisons have failed to raise a genuine issue of material fact. *See Urbina v. Nat'l Bus. Factors Inc.,* 979 F.3d 758, 762 (9th Cir. 2020) ("Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56(a))).[1]

After receiving documentation of her injuries and treatment, Safeco paid Roxanne Tunison the Washington UIM limit. Therefore, her breach of contract

---

[1] The Tunisons waived claims regarding personal injury protection coverage by failing to timely assert them before the district court. The district court accordingly declined to address such claims, as does this court. *Navajo Nation v. U.S. Forest Serv.,* 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc) (holding that district court need not consider claim not included in the complaint and raised for the first time at summary judgment); *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to consider claim raised for the first time on appeal).

claim also fails. There is also no triable issue as to Elias Tunison's entitlement to UIM benefits under the policy. Safeco denied the claim as to Elias because he did not submit supporting documentation for his claimed lost wages and the cause and extent of his injuries could not be established from the records provided. The losses he did support with evidence were fully compensated by the settlement funds from the at-fault driver's insurer and Safeco's initial $5,000 payment. And there is no record support for Elias' claim of damages for continuing and future medical treatment in excess of the funds already received.

2.     The district court properly granted summary judgment on the Tunisons' Washington Consumer Protection Act ("CPA") claim. The Tunisons rely on Washington Administrative Code ("WAC") 284-30-330 which, in relevant part, prohibits an insurer from refusing to pay a claim without conducting a reasonable investigation, failing to make a good faith effort to effectuate claim settlement when liability is reasonably clear, and compelling a claimant to resort to litigation by offering substantially less than what is ultimately recovered in the legal action. *See Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 792 P.2d 520, 529 (Wash. 1990) (en banc) (holding that a violation of WAC 284-30-330 constitutes a "per se unfair trade practice" under the CPA).

Safeco promptly communicated with the Tunisons regarding the material needed to evaluate their claim. When the Tunisons provided records in a form

3

inaccessible to Safeco, Safeco requested records sent through different means on multiple occasions. Then in denying the Tunisons' claim, Safeco made clear that it was willing to re-evaluate the claim if additional records were provided. Once additional records as to Roxanne Tunison's medical treatment were submitted, Safeco paid her the coverage limit. On this record, there is no triable issue of fact that Safeco acted unreasonably in investigating the Tunisons' claim.

Nor is there a triable issue that Safeco's liability was reasonably clear when it first denied the Tunisons' claim. As stated above, the record does not support Elias Tunison's entitlement to UIM benefits. Therefore, liability as to him was not reasonably clear. As to Roxanne Tunison, even assuming she could prove the medical damages alleged at that time, she was already made whole by the settlement funds and Safeco's initial $5,000 payment. Her entitlement to benefits for future medical treatment was not reasonably clear from the records she provided, nor was it reasonably clear that future treatment would entitle her to payment beyond the compensation she had already received. Her demand for lost wages was supported only by sparse documentation that did not make reasonably clear the extent, if any, of Safeco's liability.

Finally, there is no triable issue that Safeco's denial of benefits or failure to concede the applicability of Washington UIM limits compelled the Tunisons to litigate. As previously noted, when Safeco denied the Tunisons' claim it informed

them that it was willing to re-evaluate if they submitted additional documentation. As to the applicability of the Washington UIM limits, the policy was issued in Montana under Montana law, and Roxanne and Elias Tunison failed to inform Safeco that they were residing in Washington until after the car accident. Prior to this litigation, Safeco procured evidence as to the Tunisons' residency and reformed the policy consistent with the Washington UIM limits. Further, the fact that Roxanne Tunison ultimately received a full UIM payout despite the initial denial is not sufficient by itself to establish Safeco's liability. *See Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 483 (Wash. 2017).

3. The district court properly granted summary judgment as to the Tunisons' claim under the Washington Insurance Fair Conduct Act ("IFCA"), which provides a cause of action for those who are "unreasonably denied a claim for coverage or payment of benefits by an insurer . . . ." Wash. Rev. Code § 48.30.015(1). This claim fails for the same reasons as the claim under the CPA.

4. Finally, the district court properly granted summary judgment on the Tunisons' bad faith claim. For bad faith claims, "[t]he determinative question is reasonableness of the insurer's actions in light of all the facts and circumstances of the case." *Anderson v. State Farm Mut. Ins. Co.*, 2 P.3d 1029, 1033 (Wash. Ct. App. 2000). No record evidence supports the Tunisons' claim that Safeco's conduct was unreasonable.

5

**AFFIRMED.**