NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 19 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VANDERVERT CONSTRUCTION, INC.,

Plaintiff-Appellant,

v.

ALLIED WORLD SPECIALTY
INSURANCE COMPANY, FKA Darwin
National Assurance Company;
WESTCHESTER FIRE INSURANCE
COMPANY, a Pennsylvania Company,

Defendants-Appellees.

No.     23-35248

D.C. No. 2:21-cv-00197-MKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Argued and Submitted September 10, 2024
Seattle, Washington

Before:  GRABER and SUNG, Circuit Judges, and RAKOFF,** District Judge.

Plaintiff-Appellant Vandervert Construction, Inc. ("Vandervert") appeals the

summary judgment entered in favor of Allied World Specialty Insurance Company

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

and Westchester Fire Insurance Company ("Insurers") on state-law claims arising from a denial of coverage under an all-risk insurance policy (the "Policy").[1] We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *M&T Farms v. Fed. Crop Ins. Corp.*, 103 F.4th 724, 728 (9th Cir. 2024), we affirm.

1. We agree with the district court that Vandervert's breach of contract claim fails. The Policy excluded coverage for losses resulting from "[r]ain . . . entering the interior" of the property (the "Rain Exclusion"). An insured may claim exemption from the Rain Exclusion only by showing, among other things, that the property has been "constructed to a point that it is fully weather resistant and all of the final components [including the roof and roof drainage systems] . . . have been completely and permanently installed." Vandervert suffered losses when heavy rain entered its construction project through a partially constructed roof. To avoid the Rain Exclusion, Vandervert characterizes the losses as resulting from "accumulated surface water," not rain.

We must read the Policy as an average purchaser of insurance would, giving its text a "fair, reasonable, and sensible construction." *Gardens Condo. v. Farmers Ins. Exch.*, 544 P.3d 499, 502 (Wash. 2024) (quoting *Seattle Tunnel Partners v. Great Lakes Reinsurance (UK), PLC*, 516 P.3d 796, 800 (Wash. 2022)). An

---

[1] An all-risk policy provides coverage for all risks except those expressly excluded. *Vision One, LLC v. Phila. Indem. Ins. Co.*, 276 P.3d 300, 306 (Wash. 2012).

average insurance purchaser would read the Rain Exclusion's completed-roof requirement to mean that the Exclusion applies to damage from rain entering inside the property through an incomplete roof. Rain can do that by falling straight through a roofless structure or, if there is *some* roof, landing—and accumulating to some extent—on the partial roof before falling inside. Vandervert's interpretation would render the completed-roof requirement meaningless.

Vandervert cites authorities treating "rain" and "surface water" differently, but "even if two events are a single peril for purposes of a particular contract, the same exact events might be distinct perils under another." *Sunbreaker Condo. Ass'n v. Travelers Ins. Co.*, 901 P.2d 1079, 1083 (Wash. Ct. App. 1995), *as amended on denial of reconsideration* (Nov. 27, 1995). Looking at different policies is of limited help to interpreting the plain text of this policy.

2. We also affirm dismissal of the Washington Consumer Protection Act ("CPA") and bad faith claims. Vandervert has forfeited any challenge to the district court's dispositive finding that no harm resulted from the alleged regulatory violations. *See Schiff v. Liberty Mut. Fire Ins. Co.*, 542 P.3d 1002, 1006 (Wash. 2024) (harm required for CPA claim); *P.E.L. v. Premera Blue Cross*, 540 P.3d 105, 124 (Wash. 2023) (harm required for bad faith claim).

3. We agree with the district court that Vandervert did not have a claim under the Washington Insurance Fair Conduct Act ("IFCA"). Insurers correctly

denied coverage, and the "IFCA does not create an independent cause of action for regulatory violations." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 483 (Wash. 2017); s*ee* Wash. Rev. Code § 48.30.015.

4. Finally, due to the parties' "cursory treatment" of the issue, we affirm dismissal of the negligence claim. *See United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993)).

**AFFIRMED.**