IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>Appellant,<br><br>v.<br><br>BENCHMARK HOTELS AND RESORTS,<br><br>Respondent. | No. 87496-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — Barbara Robinson sued Benchmark Hotels and Resorts (Benchmark) after she smelled marijuana smoke in the lobby of a hotel where she had planned to stay. In her complaint, Robinson refers to two statutes, apparently assuming they create a private cause of action, and also appears to bring a claim of public nuisance. The court dismissed Robinson's complaint under CR 12(b)(6) for failure to state a claim. We affirm.

I. BACKGROUND

Accepting the allegations in Robinson's complaint as true under CR 12(b)(6), J.S. v. Vill. Voice Media Holdings, 184 Wn.2d 95, 100, 359 P.3d 714 (2015), on August 13, 2024, Robinson arrived at a Benchmark hotel property to

check in for a "Day of Get Away and Relaxation" and left the hotel "due to excessive marijuana smoke that was tremendous in the hotel." A hotel employee "proudly confirmed" the smell was marijuana smoke. The smoke "forced [Robinson] to go [] home sick and unhealthy due to the headaches and stomach aches" and "cancel[]" her hotel stay.

Approximately 10 days later, Robinson filed a complaint in superior court, referencing the public nuisance statute, as well as RCW 69.50.445(1) and RCW 23B.25.130. Benchmark successfully moved to dismiss Robinson's complaint under CR 12(b)(6). Robinson now timely appeals.

## II.     ANALYSIS

Robinson challenges the court's decision to dismiss her complaint for failure to state a claim.[1]

Robinson proceeded pro se both here and below. We hold "pro se litigants to the same standards as attorneys." In re Vulnerable Adult Pet. of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020); In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) ("'[T]he law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel–

---

[1] Robinson appears to claim the court also erred in dismissing her cross-motion for summary judgment. Robinson also claims the court erred in "Grant[ing] Defendant['s] Motion for Summary Judgment for the defendants St. Francis Hospital," which is not a party to this appeal. As Robinson failed to cite to or provide these documents in the record, we need not address these claims further. In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998) (noting courts are not obligated "to comb the record" where counsel has failed to challenge specific findings and support arguments with citations to the record); Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co., 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021) ("[A]ppellant bears the burden of perfecting the record on appeal so as to ensure the reviewing court is apprised of all necessary evidence to decide the issues.").

both are subject to the same procedural and substantive laws.'" (quoting <u>In re Marriage of Wherley</u>, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)).

We review a court's decision to dismiss a claim under CR 12(b)(6) de novo. <u>Vill. Voice Media Holdings</u>, 184 Wn.2d at 100. When we evaluate CR 12(b)(6) motions, "we accept as true the allegations in a plaintiff's complaint and any reasonable inferences therein." <u>Id.</u> (quoting <u>Reid v. Pierce County</u>, 136 Wn.2d 195, 201, 961 P.2d 333 (1998)). CR 12(b)(6) relief is "appropriate only if it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery." <u>Tenore v. AT&T Wireless Servs.</u>, 136 Wn.2d 322, 330, 962 P.2d 104 (1998).

A. Private Cause of Action

Robinson's pro se complaint first appears to claim Benchmark violated RCW 69.50.445(1) and RCW 23B.25.130.[2]

Robinson's claim fundamentally assumes that RCW 69.50.445(1) or RCW 23B.25.130 creates a private cause of action, either express or implied. However, Robinson points to nothing in the plain language of either statute expressly permitting a private cause of action. Without more, we must presume the omission was intentional. <u>See</u> <u>Keodalah v. Allstate Ins. Co.</u>, 194 Wn.2d 339, 348, 449 P.3d 1040 (2019); <u>Perez-Crisantos v. State Farm Fire & Cas. Co.</u>, 187 Wn.2d 669, 680, 389 P.3d 476 (2017) ("'[W]here a statute specifically designates the things upon

---

[2] RCW 69.50.445(1) establishes that a person who opens a package containing marijuana in public shall be guilty of a civil infraction. RCW 23B.25.130 sets out the procedure by which a corporation may convert itself to a "social purpose corporation."

which it operates, there is an inference that the Legislature intended all omissions.'" (internal quotation marks omitted) (quoting State v. LG Elecs., Inc., 186 Wn.2d 1, 9, 375 P.3d 636 (2016))); cf. RCW 19.86.090 (expressly permitting "[a]ny person who is injured" to "bring a civil action in superior court."). The plain text of RCW 69.50.445(1) or RCW 23B.25.130 lacks any such express private cause of action.

And Robinson does not explain, neither here nor before the trial court, why we should read either statute to create an implied private cause of action; thus, we need not consider that possibility, even if such a claim may conceivably have some merit. Port Susan Chapel of the Woods v. Port Susan Camping Club, 50 Wn. App. 176, 188, 746 P.2d 816 (1987) ("It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit."); see also Ives v. Ramsden, 142 Wn. App. 369, 389, 174 P.3d 1231 (2008) ("When a statute creates a right but contains no remedy, the statute may contain an implied private right of action", i.e., the right of a private party to sue under the statute.); Bennett v. Hardy, 113 Wn.2d 912, 920-21, 784 P.2d 1258 (1990) (laying out a multi-part analysis to establish an implied private cause of action, which Robinson failed to address).

Thus, the court's dismissal of these claims as litigated was appropriate.

B. Public Nuisance

Robinson's complaint also appears to bring a statutory public nuisance claim against Benchmark.

"Accept[ing] as true the allegations" in Robinson's complaint, Vill. Voice

Media Holdings, 184 Wn.2d at 100, she did not plead facts to show why the incident on August 13 "affect[ed] equally the rights of an entire community or neighborhood," as required under RCW 7.48.130.[3] Instead, Robinson's complaint exclusively focused on the effect the marijuana smoke had on her "Day of Get Away and Relaxation." That is, Robinson did not allege the marijuana smoke had any effect on anyone but her. For this reason, her claim fails as a matter of law.

To the extent that Robinson raises any additional arguments in her appeal, we do not reach these issues as they are insufficiently argued. Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").[4]

---

[3] Robinson thrice cites without any further explanation to RCW 7.48.210, in a possible attempt to argue she has standing to raise a claim for public nuisance as a private litigant. Indeed, RCW 7.48.210 permits a "private person [to] maintain a civil action for a public nuisance, if it is specially injurious" to that person. In Animal Legal Def. Fund v. Olympic Game Farm, Inc., our Supreme Court held that this "specially injurious" standard does not raise a "particularly high bar." 1 Wn.3d 925, 928-29, 533 P.3d 1170 (2023). However, in Chelan Basin Conservancy v. GBI Holding Co., our Supreme Court also provided "we will treat 'specially injurious' harms needed for public nuisance claims the same as 'specific and perceptible' 'injuries in fact' needed for noneconomic claims." 190 Wn.2d 249, 272, 413 P.3d 549 (2018). Under the "specific and perceptible" test, even assuming arguendo that Robinson has standing, she does not explain why she has pled sufficient facts to show this type of public nuisance. State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) ("This court will not consider claims insufficiently argued by the parties.").

[4] As we hold Robinson failed to plead sufficient facts to state a claim, we do not reach any additional arguments raised by Benchmark. Wash. Farm Bureau Fed'n v. Gregoire, 162 Wn.2d 284, 307, 174 P.3d 1142 (2007) ("Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented.") (internal quotation marks omitted) (quoting Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn.2d 55, 68, 1 P.3d 1167 (2000)).

### III.    CONCLUSION

We affirm.

_Díaz, J._

WE CONCUR:

_Birk, J._            _Coburn, J._